UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATERYNA VYKHOPEN,

    Plaintiff,

-VS-

EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and TRANS UNION LLC,

    Defendants.
    _____/

CASE NO.:

**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff, KATERYNA VYKHOPEN (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

1

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax, Experian, and Trans Union.

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from furnishing entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Equifax is headquartered in this District and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Delaware, residing in Kent County, Delaware.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Upon information and belief, Equifax is a corporation headquartered in the State of Georgia, located at 1550 Peachtree St. NW, Atlanta, GA, 30309, whose registered agent is Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092.

12. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f).

13. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15. Upon information and belief, Experian is a corporation headquartered in the State of California, authorized to do business in the State of Georgia through its registered agent, CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA, 30046.

16. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

17. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

19. Upon information and belief, Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of Georgia through its registered agent, The Prentice-Hall Corporation System, Inc., located at 40 Technology Parkway South, #300, Norcross, GA, 30092.

20. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f).

21. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

22. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

23. Plaintiff is a natural person that noticed a number of inaccurate accounts on her credit reports.

24. In 2019, Plaintiff noticed a large number of accounts appearing on her credit reports that did not belong to her.

25. Some of the accounts were reporting negatively.

26. Plaintiff also noticed that the Defendants were reporting that the Plaintiff was currently living in Chicago, IL.

27. Plaintiff has never lived in Chicago, IL.

28. In or about September of 2019, Plaintiff disputed the accounts from CitiBank, Discover Financial, HSBC Bank, Ollo, and Wells Fargo that were appearing on Plaintiff's Equifax consumer report.

29. In that same dispute letter, Plaintiff explained that she did not live in Chicago, IL, and this was most likely the source of where the individual that opened these accounts lived.

30. Plaintiff never received a response to this dispute, from Equifax.

31. Plaintiff sent two more dispute letters to Equifax disputing all of these accounts in February and May of 2020.

32. With the May of 2020 dispute letter sent to Equifax, Plaintiff included a copy of her J-1 Visa, her Spouse Visa, Passport, Passport stamps, resident card, Social Security Card, and Driver's License.

33. Equifax responded to this dispute letter by stating that "they were unable to locate a credit file in our database".

34. Upon information and belief, Plaintiff has a credit file with Equifax with derogatory information and Equifax is refusing to delete inaccurate information on that consumer report.

35. In or about September of 2019, Plaintiff disputed the following inaccurate accounts with Experian via letter, Capital One (x3), Comentity Bank/PttryBrn, Synchrony Bank/PPMC (x2), Capone/Cabelas, HSBC Bank, OLLO/CWS, WF Bank NA, and Discovery Fin Svcs, LLC.

36. In October of 2019, Experian responded by deleting a number of the inaccurate accounts, but Experian left the following six (6) inaccurate accounts on Plaintiff's consumer file: Capital One (x1), Capone/Cabelas, HSBC Bank, Ollo/CWS, WF Bank NA, and Discovery Financial Services.

37. In or about February of 2020, Plaintiff disputed the following inaccurate accounts with Trans Union via letter, Citicards CBNA, Capital One Bank, Compass Bank, Discover Fincl Svs LLC, TBOM/OLLO Card Services, and Wells Fargo Bank.

38. On or about March of 2020, Trans Union responded by deleting two of the inaccurate accounts, but Trans Union left the following four (4) inaccurate accounts on Plaintiff's consumer file: BBVA USA (Compass Bank), Discover Fincl Svc LLC, TBOM/OLLO Card Services, and Wells Fargo Bank NA.

39. Plaintiff sent another dispute letters to Trans Union disputing all of the remaining inaccurate accounts in May of 2020.

40. With the May of 2020 dispute letter sent to Trans Union, Plaintiff included a copy of her J-1 Visa, her Spouse Visa, Passport, Passport stamps, resident card, Social Security Card, and Driver's License.

41. Trans Union responded to this dispute letter by indicating that they would not be able to block the information that the Plaintiff had requested as a result of identity theft.

42. In Plaintiff's dispute letter to Trans Union, she never indicated that she was a victim of identity theft; rather she believed her information was mixed up with someone else's.

43. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Delay in obtaining credit;

    b. Loss of time;

    c. Loss of monies spent trying to fix her consumer files;

    d. Stress, aggravation, and other related impairments to the enjoyment of life.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA - As to Defendant Equifax Information Services, LLC)

44. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) as if fully set out herein.

45. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

46. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

47. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

48. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA - As to Defendant Equifax Information Services, LLC)

49. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as if fully set out herein.

50. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

51. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

52. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

53. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
## (Violation of the FCRA - As to Defendant
## Experian Information Solutions, Inc.)

54. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) as if fully set out herein.

55. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

56. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

57. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

58. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
**(Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)**

59. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as if fully set out herein.

60. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

61. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

62. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

63. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT V
### (Violation of the FCRA - As to Defendant Trans Union LLC)

64. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) as if fully set out herein.

65. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

66. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

67. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

68. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
### (Violation of the FCRA - As to Trans Union LLC)

69. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty-three (43) above as if fully set out herein.

70. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

71. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

72. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

73. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

    Respectfully submitted,

*/s/ Octavio "Tav" Gomez, Esquire*
Octavio "Tav" Gomez, Esquire
Florida Bar #: 0338620
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 559-4845
TGomez@ForThePeople.com
JDerry@ForThePeople.com
JKneeland@ForThePeople.com
*Attorney for Plaintiff*